UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BERNARD JACKSON,

v.   Case Nos.: 3:09-cv-110-J-20MCR
    3:00-cr-194-J-20

UNITED STATES OF AMERICA,
_____/

## ORDER

Before this Court are Defendant Bernard Jackson's Motion to Reopen and Amend Defendant's Motion to Vacate, Set Aside and Correct Sentence (Doc. 7, 3:09-cv-110-J-20MCR, filed August 19, 2010); the United States' Motion to Dismiss Defendant's Motion (Doc. 19, 3:09-cv-110-J-20MCR, filed April 3, 2012); and Defendant's response to the United States' motion to dismiss (Doc. 21, 3:09-cv-110-J-20MCR, filed May 4, 2012).

## I. BACKGROUND

On April 27, 2000, Defendant was named in an indictment charging him in Count One with knowingly, willfully, and intentionally conspiring to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and § 846. (Doc. 1, 3:00-cr-194-J-20). Defendant was also charged, in Count Two, with knowingly, willfully, and intentionally distributing cocaine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1, 3:00-cr-194-J-20). On July 17, 2000, Defendant entered a plea of guilty to Count One of the Indictment, pursuant to a written plea agreement. (Doc. 93, 3:00-cr-194-J-20). On February 12, 2001, Defendant was sentenced to 188 months of imprisonment, which included a career offender enhancement based, in part, on carrying a

1

concealed firearm in 1988. (Doc. 126, 3:00-cr-194-J-20). At the sentencing hearing, Defendant objected to the application of the career offender enhancement status as a predicate for the career offender guideline. He argued that carrying a concealed firearm did not constitute a crime of violence under the meaning of the United States Sentencing Guidelines (U.S.S.G.) §4B1.1. His objection was overruled, and the Court sentenced him at offense level 31, which placed him within the guidelines range from 188-235 months. The Court imposed a sentence of 188 months, at the low end of the above range. Defendant filed a timely notice of appeal on February 13, 2001. (Doc. 139, 3:00-cr-194-J-20). Defendant's appeal was dismissed on February 25, 2002.

On November 21, 2008, Defendant filed his initial Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1; 3:09-cv-110-J-20MCR). As the basis for his motion, Defendant cited the ruling in *United States v. Archer*, which determined that carrying a concealed firearm is no longer considered a "crime of violence" for the purpose of determining whether someone is a career offender under the U.S.S.G.. 531 F. 3d 1347 (11th Cir. 2008). On July 6, 2009, this Court denied Defendant's motion as waived and untimely, determining that *Archer* did not apply retroactively to Defendant's case. (Doc. 6, 3:09-cv-110-J-20MCR).

In August 2010, Defendant filed a Motion to Reopen and Amend Defendant's Motion to Vacate, Set Aside, and Correct Sentence (Doc. 7, 3:09-cv-110-J-20MCR). Defendant argues that his claim should be reopened in light of the Eleventh Circuit's recent panel decision in *Gilbert v. United States*, 609 F. 3d 1159 (11th Cir. 2010). Defendant contends that, similar to *Gilbert*, he is actually "innocent of the statutory offense of being a career offender[,]" and, therefore, may proceed under § 2255's savings clause. (Doc. 7, Case No. 3:09-cv-110-J-20MCR, at 4).

2

## II. ANALYSIS

On May 19, 2011, the Eleventh Circuit, on rehearing *en banc*, vacated its panel decision in *Gilbert*, and determined that "while the savings clause [28 U.S.C. § 2255(e)] applies to claims of actual innocence of the crime of conviction, it does not apply to sentencing claims, at least not where the sentence being attacked does not exceed the statutory maximum." 640 F. 3d 1293, 1313 (11th Cir. 2011). Subsequently, on January 9, 2012, the United States Supreme Court denied writ for certiorari review of *Gilbert*. (Doc. 19-1, 3:09-cv-110-J-20MCR).

In the Motion to Dismiss (Doc. 19, 3:09-cv-110-J-20MCR), the United States argues that as a result of the Eleventh Circuit's *en banc* decision and the Supreme Court's denial of writ for certiorari review, *Gilbert* now provides Defendant with no avenue for relief, and his § 2255 motion (Doc. 7, 3:09-cv-110-J-20MCR) must be dismissed. Apparently recognizing this result, the Defendant merely files a one line response, arguing that "in the spirit of fundamental fairness" this Court should grant Defendant's motion to reopen and reduce Defendant's sentence. (Doc. 21, 3:09-cv-110-J-20MCR).

This Court must agree with the United States. The Eleventh Circuit, sitting *en banc*, rejected Defendant's line of reasoning. As Defendant does not cite any additional authority in support of his Motion to Reopen and Amend, the motion is due to be denied as a second and successive motion pursuant to § 2255, for which the savings clause provides no relief. *See Gilbert v. United States*, 640 F. 3d 1293, 1295 (11th Cir. 2010) ("A federal prisoner can[not] use a habeus corpus petition to challenge his sentence . . . where the sentence the prisoner is attacking does not exceed the statutory maximum."); *see also United States v. Terrell*, No. 02-14997, 141 F. App'x 849, 852 (11th Cir. Jul. 19, 2005) (Finding that a motion to reopen and

amend a defendant's initial § 2255 motion should be construed as a second and successive motion pursuant to § 2255, at least where the initial motion has already been ruled on by the district court and is pending before the appeals court.).

Accordingly, it is **ORDERED**:

1. The United States' Motion to Dismiss Defendant's Motion to Reopen and Amend Defendant's Motion to Vacate, Set Aside, and Correct Sentence (Doc. 19, 3:09-cv-00110-J-20MCR, filed April 3, 2012) is **GRANTED**;

2. Defendant's Motion to Reopen and Amend Defendant's Motion to Vacate, Set Aside, and Correct Sentence (Doc. 7, 3:09-cv-110-J-20MCR, filed August 19, 2010) is **DISMISSED**.

**DONE AND ENTERED** in Jacksonville, Florida, this 31st day of May, 2012.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
Mitchell Stone, Esq.
Julie Hackenberry Savell, Esq.
Nicholas Alexander Pilgrim, Esq.